**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

|   |   |   |
|---|---|---|
| **DEBORAH CARTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. CBD-11-2980** |
| | ) | |
| **MICHAEL J. ASTRUE,**[1] | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION

Deborah Carter, ("Plaintiff") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Commissioner ("Commissioner"), denying Plaintiff's claim for a period Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Before the Court are Plaintiff's Motion for Judgment on the Record, or in the Alternative, for Remand ("Plaintiff's Motion") (ECF No. 16), Commissioner's Motion for Summary Judgment ("Commissioner's Motion") (ECF No. 18), and Plaintiff's Motion to Strike Commissioner's Surreply and Memorandum in Support Thereof ("Motion to Strike") (ECF No. 23). The Court has reviewed the motions, related memoranda, and the applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court DENIES IN PART and GRANTS IN PART Plaintiff's Motion, DENIES Commissioner's Motion, DENIES Plaintiff's Motion to Strike, and REMANDS this matter to the Commissioner for further proceedings consistent with this opinion.

---

[1] Subsequent to the commencement of this litigation, Michael J. Astrue was replaced as Commissioner of the Social Security Administration by Acting Commissioner Carolyn W. Colvin. United States Social Security Administration, Fact Sheet, http://www.ssa.gov/pressoffice/factsheets/colvin.htm (last visited April 29, 2013).

**PROCEDURAL BACKGROUND**

This case arises from Plaintiff's second application for Social Security disability benefits. Plaintiff's first application for disability benefits ("First Application") was denied on initial review by the Commissioner on June 22, 2005. R. 252. Plaintiff did not appeal that decision. R. 244. Plaintiff filed her second application for disability benefits ("Second Application"), currently before this Court on appeal, on September 7, 2006. R. 65A. Plaintiff applied a third time on February 17, 2012, ("Third Application") and received a finding that she is disabled as of January 1, 2010. Pl.'s Br. Ex. 1.

The Commissioner denied Plaintiff's Second Application on initial review on October 24, 2006, R. 60-62, and on reconsideration on May 4, 2007. R. 57-58. A hearing was held before an Administrative Law Judge ("ALJ") on January 8, 2009. R. 263-89. On March 25, 2009, the ALJ issued a written decision concluding that Plaintiff was not disabled under the Social Security Act. R. 12-19.

The ALJ evaluated Plaintiff's claim using the five-step sequential process set forth in 20 C.F.R. § 404.1520 (2009), and further explained below. At the first step, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since September 1, 2007, the alleged onset date. R. 14. At the second step, the ALJ determined that Plaintiff has the following severe impairments: migraine headaches, vertigo, and sleep apnea. *Id.* The ALJ found that Plaintiff's depression is not a severe impairment. R. 15. At the third step, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals" a listing. R. 15. At the fourth step, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, except that she should not handle knives or

other sharp objects on more than an occasional basis; should not work in highly stressful settings; can only occasionally balance; cannot climb ladders, ropes or scaffolds; and can only climb stairs or ramps with the aid of handrails. R. 15. The ALJ found that Plaintiff is unable to perform her past relevant work as a delicatessen worker, but is able to perform her past relevant work as a cashier. R. 18-19. Because the ALJ found Plaintiff not disabled at the fourth step, he did not proceed to the fifth step. The ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from the alleged onset date of September 1, 2007, through the date of the decision. R. 19.

Plaintiff subsequently requested review of the ALJ's decision by the Appeals Council. R. 244-48. The Appeals Council denied Plaintiff's request on August 24, 2011, making the ALJ's decision final and appealable. R. 4-6.

## STANDARD OF REVIEW

On appeal, the Court has the power to affirm, modify, or reverse the decision of the ALJ "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2012). The Court must affirm the ALJ's decision if it is supported by substantial evidence and the ALJ applied the correct law. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); s*ee also Russell v. Commissioner of Soc. Sec*., 440 F. App'x 163, 164 (4th Cir. 2011); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) (internal quotation marks omitted); *see also Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v.*

*Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented below *de novo*, nor does the Court "determine the weight of the evidence" or "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456; *Schweiker*, 795 F.2d at 345. The ALJ, not the Court, has the responsibility to make findings of fact and resolve evidentiary conflicts. *Hays*, 907 F.2d at 1456. If the ALJ's factual finding, however, "was reached by means of an improper standard or misapplication of the law," then that finding is not binding on the Court. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

A person is deemed legally disabled if she is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) (2009). The Code of Federal Regulations outlines a five-step process that the Commissioner must follow to determine if a claimant meets this definition:

> 1) Determine whether the claimant is "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If she is doing such activity, she is not disabled.
>
> 2) If she is not doing such activity, determine whether she has a "severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. § 404.1520(a)(4)(ii). If she does not have such impairment or combination of impairments, she is not disabled.

3) If she does have such impairment or combination of impairments, determine whether she has an impairment that "meets or equals one of [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement." 20 C.F.R. § 404.1520(a)(4)(iii). If she does have such impairment, she is disabled.

4) If she does not, considering her RFC, determine whether she can do her "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv). If she can do such work, she is not disabled.

5) If she cannot do such work, considering her RFC, age, education, and work experience, determine whether she can perform other work. 20 C.F.R. § 404.1520(a)(4)(v). If she can perform other work, she is not disabled, and if she cannot, she is disabled.

Plaintiff has the burden to prove that she is disabled at steps one through four, and the Commissioner has the burden to prove that Plaintiff is not disabled at step five. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992)).

## ANALYSIS

On appeal, Plaintiff argues that the Court should reverse the Commissioner's decision or remand the case for additional consideration and evaluation of Plaintiff's condition for the following four reasons:

1) The ALJ committed legal error by failing to consider or give any weight to the prior determination of the Commissioner that Plaintiff was unable to perform her past relevant work;

2) The Administration's decision that Plaintiff became disabled on January 1, 2010 is new and material evidence warranting a remand;

3) The ALJ erred in failing to give controlling weight to the opinions of two of Plaintiff's treating physicians or to explain why he rejected those opinions; and

4) The ALJ erred in finding that Plaintiff's testimony was less than credible and failed to provide any reason for discrediting her testimony.

Plaintiff also moved to strike a Notice of Supplemental Authority filed by the Commissioner outside of the briefing schedule set by the Court. For the reasons set forth below, the decision of the ALJ is remanded.

## I. Plaintiff's Motion To Strike Is Denied Because It Would Not Alter The Outcome Of The Court's Decision.

The Commissioner filed its Notice of Supplemental Authority ("Commissioner's Notice") on May 7, 2013, after the briefing schedule set forth by the Court had ended. (ECF No. 22). In this filing, the Commissioner informed the Court of the Fourth Circuit's recent decision in *Baker v. Commissioner of Soc. Sec.*, No. 12–1709, 2013 WL 1866936 (4th Cir. May 6, 2013). Plaintiff filed her Motion to Strike on May 16, 2013 (ECF No. 23). Even if the Court grants this motion, it does not preclude the court from applying any existing Fourth Circuit precedent at the time of this decision. *See Laureate Educ., Inc. v. Megahed*, No. AW–10–749, 2010 WL 2651895, at *11 n. 2 (D. Md. July 1, 2010) (denying plaintiff's motion to strike new facts in defendant's reply brief because they would not alter the outcome of the Court's decision). Since striking the Commissioner's Notice would not alter the outcome of its decision, the Court denies Plaintiff's Motion to Strike.

## II. The ALJ's Decision Must Be Remanded Because Principles of Res Judicata Require The Commissioner To Consider The Decision From Plaintiff's First Application That She Could Not Perform Her Past Relevant Work.

Plaintiff argues that the ALJ was required by Fourth Circuit precedent to give res judicata effect to findings made in her First Application for disability benefits filed on June 22, 2005. Pl.'s Br. 9. While that application was denied on initial review because it was determined Plaintiff could perform other work at step five, the decision stated at step four that Plaintiff could no longer perform her past relevant work. This is counter to the ALJ's determination in this case at step four that Plaintiff can perform her past relevant work as a cashier. R. 19.

### a. Principles of res judicata derived from the substantial evidence rule apply to this case.

The Fourth Circuit has established that the Commissioner must consider prior disability benefits decisions for the same claimant when determining if that claimant is disabled. *Albright v. Commissioner of Soc. Sec. Admin.*, 174 F.3d 473, 476 (4th Cir. 1999); *Lively v. Secretary of Health & Human Serv.*, 820 F.2d 1391, 1392 (4th Cir. 1987). The Commissioner argues that the Fourth Circuit precedent requiring an ALJ to consider a prior determination by the Commissioner applies only to prior ALJ or Appeals Council decisions. Def.'s Br. 17. According to the Commissioner, initial review decisions conducted by a State agency in prior applications should hold no significance in ALJ decisions. Def.'s Br. 17.

At issue in this case is not whether literal res judicata applies, but whether the ALJ was required to consider and apply principles of res judicata in determining whether there was a substantial change in facts since the time of the prior decision. "It is by now well-established that fundamental and familiar principles of res judicata apply in Social Security disability cases." *Lively*, 820 F.2d at 1392. The standing precedent in the Fourth Circuit is that res judicata attaches to an administrative determination not appealed for a hearing when there is no new relevant evidence that would change the outcome of the determination. *Leviner v. Richardson*, 443 F.2d 1338, 1339, 1343 (4th Cir. 1971) (holding improper the summary disposition of the district judge that administrative res judicata could not apply simply because there was no hearing in the prior relevant application). In *Lively*, an ALJ denied the plaintiff disability benefits and found that he was limited to light work. 820 F.2d at 1391-92. On a subsequent application, when the plaintiff was of "advanced age" and the Medical-Vocational Guidelines would have directed a finding of disability if the plaintiff was limited to light work, a different ALJ found that he was capable of work at any exertional level. *Id.* at 1392. The second ALJ did

not discuss the prior ALJ's finding or explain how the plaintiff's condition had improved. *Id.*
The court in *Lively* held that "[p]rinciples of finality and fundamental fairness" drawn from 42
U.S.C. § 405(h) (2006) require the Commissioner to "shoulder the burden of demonstrating that
the claimant's condition had improved sufficiently to indicate that the claimant was capable of
performing medium work." *Id.* at 1392. While the Commissioner places emphasis on the
language "after a hearing" in § 405(h) to support its argument that a hearing is necessary for the
res judicata principles established by *Lively* to apply, Def.'s Br. 19, the decision in *Lively* was
"not directly predicated" on § 405(h). *Albright*, 174 F.3d at 477. The Fourth Circuit in *Albright*
instead described *Lively* as a practical illustration of the substantial evidence rule:

> In other words, we determined that the finding of a qualified and disinterested
> tribunal that Lively was capable of performing only light work as of a certain date
> was such an important and probative fact as to render the subsequent finding to
> the contrary unsupported by substantial evidence. To have held otherwise would
> have thwarted the legitimate expectations of claimants—and, indeed, society at
> large—that final agency adjudications should carry considerable weight. Even
> more importantly, judicial ratification of the SSA's "bait-and-switch" approach to
> resolving Lively's claim would have produced a result reasonably perceived as
> unjust and fundamentally unfair.

174 F.3d at 477-78.[2]

Therefore, res judicata principles may apply even though Plaintiff's First and Second
Applications are not identical and involve two different time periods. Def.'s Br. 19. As in
*Lively*, not all facts in this case need to be identical for res judicata principles to apply. While the
two applications in *Lively* were significantly closer in time to one another than the first two

---

[2] The Fourth Circuit in *Albright* found that the Commissioner had interpreted *Lively* too broadly in
concluding that a subsequent application *must* be denied if there is no "new and material evidence" to support
reversing a required finding in a prior denied application. 174 F.3d at 474-75, 476-77. The court stated that such a
rule gave the Commissioner too much power to summarily dismiss cases without assessing whether a claimant's
"ability to perform in the workplace" could have in fact diminished over time. *Id.* at 477. While the Court's
decision here is also a broad reading of *Lively*, it is consistent with *Albright* in requiring ALJs to evaluate and
address whether a claimant's vocational and medical profile has changed during the time between applications, and
discouraging ALJs from denying subsequent claims without attempting to reconcile them with the Commissioner's
prior final decisions.

applications in this case, *Lively* still involved applications for disability benefits for two different periods.[3] 820 F.2d at 1391. The correct treatment can drastically improve one's RFC within a two week span, while the lack of medical treatment options can leave one with a nearly identical or worse RFC over the course of two years. When the Commissioner seeks to reverse its conclusions as to "important and probative" facts required by the sequential evaluation process, it must demonstrate how its subsequent finding is supported by substantial evidence. *See Albright*, 174 F.3d at 477-78. Whether two weeks or two years, an ALJ is required to review prior final decisions and justify why the Commissioner's prior position should no longer be the legitimate expectation of the claimant.

    **b. In spite of the Commissioner's interpretation of *Albright*, principles of res judicata apply to decisions required by the five-step process and made in prior applications even if they were not appealed to an ALJ hearing.**

In response to *Albright*, the Commissioner issued Acquiescence Ruling ("AR") 2000–1(4). An AR is the Commissioner's interpretation of a federal appellate ruling that conflicts with the Commissioner's preferred interpretation of the Social Security Act or its regulations. 20 C.F.R. § 404.985(b) (2013). Interpreting *Lively* and *Albright,* AR 2000–1(4) states that an adjudicator must consider in future claims a finding from a prior claim that has reached an ALJ hearing. AR 2000–1(4), 2000 WL 43774, at *1, 4.[4]

"The Fourth Circuit has not discussed what authority ARs possess or what deference (if any) a court owes to them." *See Melvin v. Astrue*, 602 F. Supp. 2d 694, 703 (E.D.N.C. 2009) (reviewing AR 2000–1(4)'s interpretation of *Albright* and rejecting the plaintiff's argument that

---

[3] While the Fourth Circuit in *Albright* stated that a claimant's condition is more likely to remain unchanged over a two week period than a two year period, it nonetheless required ALJs to evaluate how a claimant's medical condition and vocational ability might have changed over the two year lapse. 174 F.3d at 477-78.

[4] Plaintiff also cites AR 2000-1(4) in support of her argument, but she has misinterpreted its meaning. She quotes the following language: "this Ruling applies to determinations or decisions at all levels of the administrative review process (i.e. initial, reconsideration, ALJ hearing and Appeals Council)." However when read in its entirety, the AR makes clear that this cited language refers to what level of decisions must consider principles of *res judicata*, not what level of prior decisions must be considered by the Commissioner.

*Chevron* deference applies to ARs). *Chevron* deference is a principle of administrative law based on the notion that when Congress delegates to an agency the authority to implement a statute, it often implicitly delegates the authority to interpret the statute. *See Chevron U.S.A., Inc. v. NRDC, Inc.,* 467 U.S. 837, 865-66 (1984). However, an AR is an administrative interpretation of a federal appellate decision, not a statute. *Melvin*, 602 F. Supp. 2d at 703. The Commissioner is not "better able to interpret a federal appellate decision than a United States District Court." *Id.* Furthermore, the Fourth Circuit has shown a willingness to not bind itself to ARs when addressing issues of res judicata. *Albright*, 174 F.3d at 478 (concluding that the Commissioner interpreted *Lively* too broadly in the AR that preceded the one currently in effect).

Although the AR limits its own application to cases that reached an ALJ decision, the Fourth Circuit in *Albright* chose to use the words "a qualified and disinterested tribunal" without making specific reference to an ALJ or even the word "hearing" when applying res judicata principles to Social Security benefits cases. 174 F.3d at 477-78. Had the Fourth Circuit meant to limit its rulings to an ALJ hearing, it would have been easy to state this definitively. Instead, what *Lively* and *Albright* emphatically emphasize in applying principles of res judicata are the importance of fairness and the finality of a prior decision. Additionally, *Leviner* specifically states that a hearing is not required for res judicata to be applied to an administrative final determination. 443 F.2d at 1339.

The Commissioner also relies on § 405(h) to argue that only decisions "after a hearing" are final and have res judicata effect. Def.'s Br. 19. Section 405(h) states that "[t]he findings and decisions of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing." As discussed above, the Fourth Circuit has stated that its rulings in *Lively* and *Albright* were predicated on the substantial evidence rule, not §

405(h).  Furthermore, § 405(h) must be read in the context of the immediately prior subsection, § 405(g).  *See United States v. Broncheau*, 645 F.3d 676, 685 (4th Cir. 2011) (stating that adjacent statutory subsections referring to the same subject should be read harmoniously where there is any doubt as to their meaning or effect).  These two subsections provide the framework for judicial review and do not address the evidentiary import of prior decisions.  Even if decisions made prior to a hearing cannot be judicially reviewed, they are dispositive decisions based on the five step process which become final if not appealed by a claimant.  *See Albright*, 174 F.3d at 477-78; *see also* AR 2000-01(4), 2000 WL 43774, at *4 (stating that *Albright* applies to findings "required at a step in the sequential evaluation process," not subsidiary findings such as a claimant's credibility).  Therefore, the substantial evidence rule will often require that they be addressed in future claims.  If substantial evidence exists that the situation has changed since the prior decision, then the ALJ is not bound to it and can rule differently.  Nonetheless, the ALJ must explain and support such a conclusion.

   c.   **The fairness concerns relied on by the Fourth Circuit in *Lively* and *Albright* outweigh the burden to the Commissioner of reviewing previous claims that reached only the initial or reconsideration level.**

   The Commissioner argues that State agency disability determinations should not receive res judicata effect because they are less stringent than those required of an ALJ.  Def.'s Br. 20.  However, as the Commissioner acknowledges, the difference is in the requirements of "what must be set forth in the notice."  *Id*.  Although a State agency and an ALJ have different documentation requirements, they rely on the same standards in reaching their decisions.  Both must apply the five-step process[5] to what is often a nearly identical record.  Even if is not ideal

---

[5] This is the key difference in this case from *Huggins v. Astrue*, 2012 WL 527616, *5 (D.S.C. Feb. 15, 2012), which is cited by the Commissioner in support of its argument that ALJs are not required to give State agency determinations any weight.  In *Huggins*, the State agency opinion that the Commissioner references was an opinion

for the ALJ to review a prior decision without the benefit of an ALJ opinion, it is not so difficult as to outweigh Plaintiff's legitimate expectation that the decision she initially received was fair and final. Plaintiff's entire medical record dating back several years prior to the First Application is available to assist the ALJ in this review. The ALJ can on remand make an adequate determination if the facts have changed between Plaintiff's First Application and Plaintiff's Second Application.

Damaging to the Commissioner's position, when seen through the prism of the fairness principles relied upon in both *Lively* and *Albright*, is the fact that the Commissioner has issued a regulation that res judicata can be applied to dismiss a hearing request on a subsequent claim without requiring that the prior determination have reached an ALJ hearing. 20 C.F.R. § 404.957(c)(1) (2009) (emphasis added) (allowing an ALJ to dismiss a request for a hearing because "[t]he doctrine of res judicata applies in that we have made a previous determination or decision under this subpart about your rights on the same facts and on the same issue or issues, and this previous determination or decision has become final *by either administrative or judicial action*"). While this regulation speaks of literal res judicata where two applications involve the same facts and issues, the ALJ must make some sort of review of a prior decision to determine whether or not the facts and issues have changed. The net result is that the Commissioner argues that Plaintiff does not have the same res judicata rights as the Social Security Administration. Out of fairness, this cannot be the case.

If Plaintiff chose not to subject herself to the appeals process and instead waited to reapply when she turned fifty-five, she was entitled to the legitimate expectation that a dispositive determination made in her prior claim would not be reversed arbitrarily and without

by a non-treating disability examiner in the same claim, not a finding required at a step of the disability evaluation process that became final due to the lack of an appeal. *Id.*

explanation. Ultimately, the Court is more persuaded by the intent of the Fourth Circuit to apply res judicata principles to a case like this than the Commissioner's interpretation of the hearing requirement in AR 2000–1(4). Any discussion of the language in §405(h) is inapposite because *Albright* made clear that in *Lively* the Fourth Circuit was not principally relying on that section of law in its ruling. 174 F.3d at 477. The Court holds that the res judicata principles discussed in *Lively*, *Albright*, and AR 2000-1(4) apply to all findings made by the Commissioner in a claimant's prior application and required at a step in the sequential evaluation process, regardless of whether the claim reached an ALJ hearing or became final due to the claimant's choice not to appeal. As stated in the AR, an adjudicator must determine the weight to be given to such a prior finding, considering factors such as (1) whether the fact on which the prior finding was based is subject to change with the passage of time; (2) the likelihood of such a change considering the length of time that has elapsed; and (3) the extent that evidence not considered in the final decision on the prior claim provides a basis for making a different finding. AR 2000-1(4), 2000 WL 43774, at *4. More weight should be given to a prior finding that is close in time to the subsequent period being adjudicated than one that is more distant. However, the Commissioner may not reverse prior findings without explanation.

On remand the ALJ should consider the determination made in Plaintiff's First Application that she could no longer perform her past relevant work and then apply the analysis set forth in AR 2000–1(4). If the ALJ again determines that Plaintiff can perform her past relevant work, then there must be an explanation in the ALJ's opinion for how the facts or issues have changed since the Commissioner's June 22, 2005 decision that she was unable to do so. If the ALJ determines that Plaintiff has not experienced enough improvement in her medical

condition since June 22, 2005 to perform her past relevant work, then the ALJ should move to step five of the sequential analysis.

**III.   Plaintiff's January 1, 2010 "Notice of Award" Is Not New And Material Evidence Requiring Remand.**

Plaintiff argues that her "Notice of Award" granting her benefits on her Third Application is new and material evidence warranting a remand. Pl. Br. 12-13. In the notice dated July 21, 2012, the Commissioner found Plaintiff disabled as of January 1, 2010. Pl.'s Br. Ex. 1.

The Court may "order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding" (referred to as a "sentence six" remand). 42 U.S.C. § 405(g) (2012); *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). However, the Fourth Circuit recently held in an unpublished per curiam opinion that a subsequent administrative decision awarding benefits does not in itself constitute new and material evidence. *Baker v. Commissioner of Soc. Sec.*, No. 12–1709, 2013 WL 1866936, at *1 n. 1 (May 6, 2013). The court adopted the holding of the Sixth Circuit that while the evidence supporting a subsequent favorable decision may be new and material, the determination standing alone is not. *Id.* (quoting *Allen v. Commissioner of Soc. Sec.*, 561 F.3d 646, 653 (6th Cir. 2009)). The plaintiff has the burden of showing that evidence relied upon in reaching the subsequent favorable decision "pertains to the period under consideration in this appeal." *Id.* The Court is persuaded by the Fourth Circuit's unpublished opinion in *Baker*, and not the contrary authority cited by Plaintiff from the Southern District of West Virginia. *See Bradley v. Barnhart*, 463 F. Supp. 2d 577, 580-81 (S.D.W. Va. 2006); *Reichard v. Barnhart*, 285 F. Supp. 2d 728, 734 (S.D.W. Va. 2003).

Plaintiff here does not provide any specific evidence supporting her subsequent favorable decision, but rather seeks to rely on the determination alone. This is insufficient for Plaintiff to meet her burden to show that there is new and material evidence warranting a sentence six remand. However, since this case is being remanded for other reasons, Plaintiff is free to adduce any relevant evidence for consideration on remand that supports the allowance of benefits on her Third Application and is relevant to the period being adjudicated here.

IV.     **The ALJ Did Not Properly Weigh The Treating Source Medical Opinions of Dr. Louis Miller and Dr. Kenneth Zonies And Must Reevaluate Them On Remand.**

Plaintiff argues that the ALJ did not properly evaluate the medical opinions of her treating physicians, Dr. Louis Miller and Dr. Kenneth Zonies. Medical opinions from treating sources are generally given more weight than other medical opinions. 20 C.F.R. § 404.1527(d)(2) (2009). They will be given controlling weight if the treating source's opinion on the nature and severity of a claimant's impairments is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." 20 C.F.R. § 404.1527(d)(2); *Ketcher v. Apfel*, 68 F. Supp. 2d 629, 648 (D. Md. 1999). If the ALJ finds that the treating physician's opinion is not entitled to controlling weight, the following factors must be applied to determine its proper weight: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the opinion with relevant medical evidence; (4) its consistency with the record as a whole; (5) whether it is the opinion of a specialist regarding his or her area of specialty; and (6) any other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d)(2)-(6). A formulaic recitation of the factors is not required so long as it is apparent that the ALJ was aware of and considered each one. *Hooks v. Astrue*, No. 11-423, 2012 WL 2873944, at *8 (D. Md. July 12, 2012); *see also Burch v. Apfel*,

9 F. App'x 255, 259-60 (4th Cir. 2001).  In addition, certain determinations are always reserved to the Commissioner because they are administrative findings and are dispositive of the case.  20 C.F.R. § 404.1527(e).  These include opinions that a claimant is disabled, whether an impairment meets or equals a listing, a claimant's RFC, and the application of vocational factors.  *Id*.

The Social Security Rulings[6] emphasize that even when a treating source is not entitled to controlling weight it is still entitled to deference and must be weighed using all of the factors.  SSR 96-2P, 1996 WL 374188, at *4 (July 2, 1996).  The Fourth Circuit has said that, "[t]he opinion of a claimant's treating physician is entitled to great weight and may be disregarded only if there is persuasive contradictory evidence."  *Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984).  Also, ALJs cannot substitute their own judgment for that of physicians without any support from the record.  *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

In weighing treating physician opinions, ALJs must also follow the narrative discussion requirement.  The Administrative Procedure Act ("APA"), which applies to all federal administrative agencies, requires ALJs to state their "findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record."  5 U.S.C. § 557(c)(3) (2012); *see also Brown ex rel. McCurdy v. Apfel,* 11 F. App'x 58, 59 (4th Cir. 2001) (stating that the Social Security Act and the APA require ALJs to "include an explanation of what evidence, or inferences drawn therefrom, were relied on in arriving at a decision").  The Social Security Rulings require ALJs to provide a narrative discussion "describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."  SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

---

[6] Although not required by statute, the Commissioner publishes the Social Security Rulings which are binding on all components of the Social Security Administration.  They represent precedent, final opinions, and statements of policy which the Commissioner has adopted.  20 C.F.R. § 402.35(b)(1) (2013).

## A. **Dr. Miller's Treating Medical Opinion Was Not Properly Weighed By The ALJ.**

Dr. Miller stated in January of 2005 that Plaintiff had definite disequilibrium syndrome and unsteadiness, and that he doubted she would ever be able to return to her previous work. R. 198. In February of 2005, he wrote a letter stating that Plaintiff was "unable to earn substantial gainful employment because of [her] recurrent vertigo and migraine." R. 197. He further stated that because of the nature of her problem it was "extremely dangerous" for her to return to her former employment as a deli operator and that she was unable to earn substantial gainful employment. *Id.* In a March 2005 treatment note, Dr. Miller once again stated that Plaintiff could not continue gainful employment due to her recurrent vertigo and migraines. R. 196. The ALJ correctly states that Dr. Miller's 2005 opinions that Plaintiff was unable to earn substantial gainful employment were not medical opinions but instead opinions on an issue reserved to the Commissioner. R. 17. However, Dr. Miller's opinion that Plaintiff "has a definite disequilibrium syndrome and unsteadiness," R. 198-99, was a medical opinion which must be evaluated by the ALJ.

The ALJ does not explicitly state how much weight he assigned to Dr. Miller's opinion. R. 17. The only analysis of Dr. Miller's opinion performed by the ALJ was to note that certain of his findings applied only to her work as a deli operator and to say that he was entitled to comparatively less weight than Dr. John Patrick Carey, another treating physician. *Id.* For neither Dr. Carey nor Dr. Miller did the ALJ mention or apply the factors set forth in 20 C.F.R. § 404.1527. The ALJ only stated that Dr. Miller's opinion was inconsistent with Dr. Carey's opinion that Plaintiff's abuse of prescribed analgesic medications "converted her episodic disorder into a more constant one." R. 17. The ALJ failed to apply or even mention the Commissioner's regulations for assessing whether a claimant's application should be denied because drug abuse is a contributing material factor. *See* 42 U.S.C. § 423(d)(2)(c) (2012); 20

C.F.R. § 404.1535 (2009); *Eiker v. Astrue*, No. CBD-11-3584, 2013 WL 2149755, at *9 (D. Md. May 15, 2013) (citing *Brueggemann v. Barnhart*, 348 F.3d 689, 694 (8th Cir. 2003)) (holding that a failure to cite the applicable regulations when assessing drug abuse is an error warranting remand).

The ALJ's analysis of Dr. Miller's opinion was deficient and warrants remand. On remand, the ALJ is to apply the factors from 20 C.F.R. § 404.1527 in weighing Dr. Miller's opinion and only assess Plaintiff's possible drug abuse within the framework of 20 C.F.R. § 404.1535.

## B.  The ALJ's Weighing Of Dr. Zonies's Treating Medical Opinion Contained Factual And Legal Errors That Must Be Corrected On Remand.

Dr. Zonies took over for Dr. Miller as Plaintiff's primary care physician around January of 2008. R. 294. In December of 2008, Dr. Zonies completed a Medical Source Statement form indicating that Plaintiff could not meet the requirements of even sedentary work. R. 208-11. Once again, the ALJ did not explicitly state how much weight he is assigning to Dr. Zonies' opinion. The ALJ fared slightly better in applying the 20 C.F.R. § 404.1527 factors, by assessing whether Dr. Zonies' opinions were supported by his treatment notes and whether they were inconsistent with other evidence of record. The Court need not decide whether it would remand solely on the basis of the ALJ's weighing of Dr. Zonies' opinion. However, the Court will highlight two errors in the ALJ's analysis which should be rectified on remand.

First, the ALJ improperly substituted his own judgment for that of Dr. Zonies in determining the length of time Plaintiff is able to sit despite her vertigo and dizziness. Dr. Zonies opined that Plaintiff is unable to sit for six hours in an eight-hour workday. R. 209. The ALJ rejected this opinion on the basis that it is "difficult to explain" because "[o]ne would think that a person who suffers from dizziness would *want* to sit down as much as possible." R. 17.

The ALJ rightfully could have rejected this opinion if he found it were inconsistent with other medical evidence, contradicted by Plaintiff's activities of daily living, not supported by clinical or laboratory testing, or for some other reason sanctioned by the regulations.  However, the ALJ is not free to draw his own conclusions about the limiting effects of vertigo without citing to other medical evidence or authority in the record.  *See Boiles*, 395 F.3d at 425.  As it is certainly conceivable that a person with balance problems and dizziness might need to lie down or might have difficulty working six hours a day from a seated position, the ALJ on remand must rely on the evidence in the record.

Second, the ALJ misread Dr. Zonies's opinion regarding the weight that Plaintiff can lift and again substituted his own judgment.  The ALJ characterized Dr. Zonies's opinion as stating that Plaintiff "could only lift ten pounds on an occasional basis."  R. 18.  Noting that Plaintiff's "musculature remains capable of performing at all exertional levels" and that her limitations are due to balance, the ALJ stated that if Plaintiff "can lift ten pounds occasionally, she can do so frequently."  *Id.*  The ALJ misstates Dr. Zonies's opinion, which in actuality was that Plaintiff could occasionally lift "less than 10 pounds," the smallest amount of weight that was an option on the RFC assessment form.  R. 208.  Further, while the ALJ may properly disregard Dr. Zonies's opinion in reliance on medical or other evidence in the record, he is not free to draw his own conclusions about the effects of balance problems on a person's ability to lift objects.  On remand, the ALJ must refrain from such improper conclusions.

## V.        The ALJ Did Not Err In Assessing Plaintiff's Credibility.

Plaintiff argues that the ALJ erroneously found her testimony to be not credible and did not adequately support his credibility determination.  Pl.'s Br. 13-14.  The ALJ's credibility determination is especially important here because the vocational expert testified that if Plaintiff's testimony is fully credible, she would not be able to perform her past work as a

cashier.  R. 287.  However, the ALJ did not find Plaintiff's testimony fully credible, stating that

he was "not persuaded that the claimant must take unscheduled work brakes [sic] to nap or that

her hands are as limited in manipulation as alleged."  R. 19.

An ALJ's credibility findings are entitled to substantial deference, and the Court is not to

reweigh conflicting evidence.  *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Shively v.

Heckler*, 739 F.2d 987, 989 (4th Cir. 1984).  An ALJ must follow a two-step process to assess

whether a claimant's testimony is less than credible and merits reduced weight.  First, the ALJ

must determine if there is a medically determinable impairment which could reasonably be

expected to produce the pain or other symptoms alleged.  20 C.F.R. § 404.1529(b) (2009); *Craig*,

76 F.3d at 591.  Second, if the medical signs or laboratory findings show that a claimant has a

medically determinable impairment that could reasonably be expected to produce the symptoms

alleged, then the ALJ will evaluate the intensity and persistence of the symptoms to determine

how they limit the claimant's RFC for work.  20 C.F.R. § 404.1529(c); *Craig*, 76 F.3d at 595.  In

evaluating a claimant's credibility, the ALJ must consider all of the evidence in the case record

such as medical signs and laboratory findings and apply the factors listed in the regulations.[7]  20

C.F.R. § 404.1529(c); SSR 96-7P, 1996 WL 374186, at *3 (July 2, 1996).

Here, the ALJ found at the first step that Plaintiff had medically determinable

impairments which could reasonably be expected to produce the alleged symptoms.  R. 18.  At

the second step, he did not find Plaintiff's statements concerning the intensity, persistence, and

limiting effects of her symptoms fully credible.  *Id*.  Having reviewed the ALJ's opinion, the

Court cannot say that the ALJ's credibility determinations were erroneous.  The ALJ discussed

---

[7] These factors include: (1) the claimant's daily activities; (2) the location, duration, frequency, and
intensity of the claimant's symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage,
effectiveness and side effects of medication; (5) treatment of symptoms other than medication; (6) any measures
used to relieve the symptoms; and (7) other factors concerning the claimant's functional limitations and restrictions
due to the symptoms.  20 C.F.R. § 404.1529(c)(3)(i)-(vii).

some of Plaintiff's daily activities, such as her ability to drive an automobile or fly on a plane. R. 16. The ALJ discussed the frequency and severity of her symptoms, exacerbating factors such as stress or travel, and treatment such as her carpal tunnel surgery and the Continuous Positive Airway Pressure machine for her sleep apnea. R. 16-17. While the Court may not agree with all of the ALJ's credibility determinations, they are supported by substantial evidence. Nonetheless, the ALJ on remand should carefully reassess Plaintiff's credibility in light of a proper weighing of the treating physicians' opinions, as discussed above.

## CONCLUSION

Based on the foregoing, the Court DENIES IN PART and GRANTS IN PART Plaintiff's Motion, DENIES Commissioner's Motion, DENIES Plaintiff's Motion to Strike, and REMANDS this matter to the Commissioner for further proceedings consistent with this opinion.


August 19, 2013

_____/s/_____
Charles B. Day
United States Magistrate Judge

CBD/ISA/ME